**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WILEY Y. DANIEL**

| | | | |
|---|---|---|---|
| Date: | July 7, 2015 | Probation: | Gary Kruck |
| Courtroom Deputy: | Robert R. Keech | Interpreter: | N/A |
| E.C.R./Reporter: | Tammy Hoffschildt | | |

Criminal Case No:  **14-cr-00450-WYD**        Counsel:

UNITED STATES OF AMERICA,                Alecia L. Riewerts

      Plaintiff,

v.

**1.  KEVIN DALE HARLOW**,                Daniel W. Carr

      Defendant.

**SENTENCING**

**2:12 p.m.**   Court in Session - Defendant present, on-bond.

> **Change of Plea Hearing - Thursday, April 23, 2015, at 3:00 p.m.
> Plea of Guilty - Count Two of Indictment**

    APPEARANCES OF COUNSEL.

    Court's opening remarks.

2:14 p.m.   Statement on behalf of Government (Ms. Riewerts).

2:15 p.m.   Statement and argument on behalf of Defendant (Mr. Carr).

**ORDERED:**   Amended Statement by Defendant in Advance of Plea of Guilty shall accepted for filing.

2:44 p.m.   Statement and argument on behalf of Government (Ms. Riewerts).

3:00 p.m.          Statement on behalf of Probation (Mr. Kruck).

3:01 p.m.          Statement on behalf of Defendant (Mr. Carr).

3:01 p.m.          Statement by Defendant on his own behalf (Mr. Harlow).

                   Court makes findings.

**ORDERED:**     Defendant's Motion for Below Guideline Statutory or "Variant" Sentence [ECF Doc. No. 35], filed June 23, 2015, is **DENIED.**

**ORDERED:**     Defendant be **imprisoned** for **97** months.

**Court STRONGLY RECOMMENDS that the Bureau of Prisons place the defendant at the least restrictive facility within the state of Colorado, so the Defendant can be in close proximity to his family.**

**ORDERED:**     Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **10** years.

**ORDERED:**     **Conditions** of **Supervised Release** are:

   (X)    Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.

   (X)    Defendant shall not commit another federal, state or local crime.

   (X)    Defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

   (X)    Defendant shall comply with standard conditions adopted by the Court.

   (X)    If this sentence imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet set forth in the judgment.

   (X)    The Court waives the mandatory drug testing provision of 18 U.S.C. § 3583(d), because the presentence report indicates a low risk of future substance abuse by the defendant.

(X)   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16911, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.

**ORDERED:**   **Special Condition(s)** of **Supervised Release** are:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.

2. As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.

3. If the defendant has an outstanding financial obligation, the probation office may share any financial or employment documentation relevant to the defendant with the Asset Recovery Division of the United States Attorney's Office to assist in the collection of the obligation.

4. All employment for the defendant shall be approved in advance by the supervising probation officer.

5. The defendant shall participate in and successfully complete an approved program of sex offender evaluation and treatment as directed by the probation officer, which may include polygraph, plethysmograph and visual reaction time measuring instruments as determined therapeutically appropriate.  The defendant will be required to pay the cost of these evaluations and treatment.  The defendant shall comply with the rules and restrictions specified by the treatment agency.

6. The defendant's use of computers and Internet access devices shall be limited to those the defendant requests to use, and which the probation officer authorizes.  The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

7. The defendant shall allow the probation officer to install software/hardware designed to monitor computer activities on any computer the defendant is authorized by the probation officer to use.  The software may record any and all activity on the computer, including the capture of keystrokes, application information, Internet use history, email correspondence, and chat conversations.  A notice will be placed on the computer at the time of installation to warn others of the existence of the monitoring software on the computer.  The defendant shall not attempt to remove, tamper with, reverse engineer, or in any way circumvent the software/hardware.

8. The defendant shall not have unsupervised contact with minors.

**ORDERED:** Defendant shall pay **$100.00** to **Crime Victim Fund** (Special Assessment) to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine, cost of incarceration or supervision.

**ORDERED:** Defendant to make **restitution** as follows:

| **Victims** | **Amount** |
|---|---|
| "Angela" Series<br>Payable to "Lenahan Law, P.L.L.C., F/B/O Angela | $ 3,000.00 |
| "Cindy" Series<br>Payable to "Cusack, Gilfillan & O'Day, LLC for Cindy | $ 3,000.00 |
| "J_Blonde" Series<br>Payable to "Joseph Klest in care of J_Blonde | $ 3,000.00 |
| "John Doe IV" Series<br>Payable to "The Law Office of Erik L. Bauer in Trust for John Doe IV | $ 3,000.00 |
| "LS"<br>Payable to "The Ashcroft Law Firm, LLC, Trustee F/B/O Jane Doe" | $ 3,000.00 |
| "Sarah" Series<br>Payable to "Carol L. Hepburn in trust for Sarah" | $ 5,000.00 |
| "Vicky" Series<br>Payable to "Carol L. Hepburn in trust for Vicky" | $ 2,000.00 |
| | TOTAL $ 22,000.00 |

                  Any unpaid restitution balance upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at least 10 percent of the defendant's gross monthly wages. Each victim shall receive an approximately proportional payment based on the victim's share of the total loss. ***Court determines the defendant does not have the ability to pay interest and the interest requirement is waived for the restitution.***

**ORDERED:** Defendant advised of right to appeal the sentence imposed by the Court. Any notice of appeal must be filed within fourteen (14) days. Defendant advised of right to appeal in forma pauperis.

**ORDERED:** Government's Motion to Dismiss Count One of the Indictment at Time of Sentencing [ECF Doc. No. 37], filed July 1, 2015, is **GRANTED.**

                Order is **APPROVED BY THE COURT.**

**ORDERED:** United States' Motion Under U.S.S.G. 3E1.1(b) for 1-Level Reduction in Defendant's Offense Level for Acceptance of Responsibility [ECF Doc. No. 38], filed July 1, 2015, is **GRANTED.**

                Order is **APPROVED BY THE COURT.**

3:19 p.m.    Discussion regarding whether the defendant should be remanded into custody.

**ORDERED:** Defendant is **REMANDED** to the custody of the U.S. Marshal.

**3:23 p.m.**    Court in Recess - HEARING CONCLUDED.

**TOTAL TIME: 1:11**